UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DONALD DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., ET AL.,<br><br>Defendants. | Case No. 1:22-cv-01381-ADA-CDB<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS DEFENDANT ANGIE CARRALES**<br><br>(ECF No. 18)<br><br>**TEN-DAY DEADLINE** |

Defendants removed this case to federal court on October, 26, 2022. (ECF No. 1). The following day, the Court entered an Order setting a mandatory scheduling conference. (ECF No. 6). The Order directed Plaintiff to "diligently pursue service of summons and complaint" and "promptly file proofs of service." The Order further advised Plaintiff that failure to diligently prosecute this action "may result in the imposition of sanctions, including the dismissal of unserved defendants."

On March 28, 2023, the parties convened for a scheduling conference after which the Court entered a scheduling order. (ECF Nos. 16, 17). That same day, the Court issued an order to show cause requiring Plaintiff to report in writing why defendant Angie Carreles, who has not answered or appeared in this action, should not be dismissed for Plaintiff's failure to timely effect service and file proof of service. (Doc. 18, *citing* Rule 4(m), Fed. R. Civ. P). Plaintiff has failed to timely comply with the order to show cause.

**DISCUSSION**

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions, including, where appropriate ... dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiff to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and failure to comply with local rules).

In determining whether to dismiss an action for failure to obey a court order or failure to comply with the Local Rules, the court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423–24; *see also Ferdik*, 963 F.2d at 1260–61; *Thompson*, 782 F.2d at 831. "The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).

Here, the undersigned recommends that the Court find that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor dismissing Defendant Carreles. The third factor, risk of prejudice to Defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of

unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424. The Court's March 28, 2023, order to show cause directed Plaintiff to file a statement showing cause why the Court should not recommend to the presiding district court judge that Defendant Carreles be dismissed for Plaintiff's failure to timely effect service. (ECF No. 18) Thus, Plaintiff's counsel had adequate warning that sanctions, up to and including dismissal of unserved defendants, would result from his noncompliance with the order.

Dismissal is recommended based on the separate and independent grounds that Plaintiff failed to comply with Rule 4, Fed. R. Civ. Pro. Rule 4(m) provides in part:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

"The rule encourages efficient litigation by minimizing the time between commencement of an action and service of process." *Elec. Specialty Co. v. Road and Ranch Supply, Inc.*, 967 F.2d 309, 311 (9th Cir. 1992). By its plain terms, "Rule 4(m) requires a district court to grant an extension of time when the plaintiff shows good cause for the delay." *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007). However, after notice to Plaintiff following the expiration of Rule 4(m)'s 90-day period that the Court may dismiss the action without a showing of good cause, this action properly may be dismissed absent good cause. *See Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985) (affirming dismissal for failure to demonstrate good cause for service extension where plaintiff purposefully failed to serve the complaint because he intended to amend).

///

For the foregoing reasons, the undersigned **HEREBY RECOMMENDS** that Defendant Angie Carreles be dismissed from the action due to Plaintiff's failure to comply with the Court's October 26, 2022, order requiring Plaintiff to promptly file proofs of service, failure to comply with the Court's March 28, 2023, order requiring Plaintiff to respond in writing why Defendant Carrales should not be dismissing, and failure to comply with Rule 4(m), Fed. R. Civ. P.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within ten (10) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 7, 2023**

UNITED STATES MAGISTRATE JUDGE