UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DONALD DAVIS,<br><br>             Plaintiff,<br><br>    v.<br><br>WALMART, INC. and ANGIE CARRELES,<br><br>             Defendants. | Case No. 1:22-cv-01381-ADA-CDB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING DEFENDANT ANGIE CARRELES WITHOUT PREJUDICE<br><br>(Doc. 19) |

      This action was removed from state court to this Court on October 26, 2022. (Doc. 1). On March 28, 2023, the assigned magistrate judge convened the parties for a scheduling conference. (Doc. 17). Defendant Angie Carreles, whom the docket reflects neither has been served nor appeared in the action, did not appear at the scheduling conference. Thereafter, the Court issued an order requiring Plaintiff to show cause in writing within seven days why Defendant Carreles should not be dismissed due to Plaintiff's failure to timely effect service pursuant to Rule 4(m), Fed. R. Civ. P. (Doc. 18). Because Plaintiff did not timely respond to the order to show cause, on April 7, 2023, the magistrate judge issued findings and recommendations to dismiss defendant Carreles for failure to comply with Rule 4(m) and failure to follow the Court's orders. (Doc. 19).

      The Court served the findings and recommendations on Plaintiff and gave him ten days to

file objections thereto.  As of the date of this Order, Plaintiff has not filed any objections, and the time to do so has passed.  The findings and recommendations advised Plaintiff that "failure to file objections within the specified time may result in the waiver of rights on appeal." (Doc. 20); *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

In response to a separate order to show cause, Plaintiff acknowledges his failure to timely effect service on Defendant Carreles was a "lapse" that he attributes to "not [being] able to obtain and receive any information regarding a valid service address for Ms. Carreles." (Doc. 21).  Plaintiff otherwise has provided no information as to what if any efforts he has undertaken to effect service.  Inadvertence of counsel does not qualify as good cause for failure to comply with Rule 4.  *Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985).  Likewise, "half-hearted" attempts to timely effect service do not constitute good cause for an extension of the time to serve under Rule 4(m).  *See Tabi v. McCullough*, 2019 WL 3997062, * 8 (C.D. Cal. Aug. 22, 2019) (finding that a plaintiff who attempted to effect service on the last day of the Rule 4(m) service period lacked good cause); *Noll v. Street Surfing, LLC*, 2009 WL 10675492, *1 (C.D. Cal. Sept. 14, 2009) (finding that a plaintiff's inadvertence in tracking deadlines, even in a case with a large number of parties, did constitute good cause for delay).

This case was removed from state court almost six months ago.  The Court gave notice to Plaintiff of his violation of Rule 4(m) and directed him to provide an explanation for his failure to timely serve Defendant Carreles.  (Docs. 18, 19, 20).  Plaintiff's response reflects he has not been diligent in attempting to effect service and he otherwise offers no good cause for an extension of time under Rule 4(m).  (Doc. 21).

According to 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the Court concludes the findings and recommendations are supported by the record and by proper analysis.

Based upon the foregoing, the Court **ORDERS**:

1. The findings and recommendations issued on April 7, 2023 (Doc. 19) are adopted in full;
2. Defendant Angie Carreles is **DISMISSED** from this case without prejudice; and

3. The Clerk of Court is directed to update the docket and terminate Angie Carreles.

IT IS SO ORDERED.

Dated:   April 26, 2023

_____
UNITED STATES DISTRICT JUDGE

3