UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DONALD DAVIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WALMART INC. et al.,<br><br>　　　　Defendant. | Case No. 1:22-cv-01381-ADA-CDB<br><br>**ORDER DIRECTING PLAINTIFF TO COMPLY WITH DISCOVERY OBLIGATIONS**<br><br>(Doc. 27) |

　　　　On May 11, 2023, the Court received an email request from counsel for Defendant to convene a conference with the parties because counsel for Plaintiff reportedly had completely failed to respond to Defendant's written discovery demands. Counsel for Plaintiff responded to Defendant's email inquiry by stating, "we are continuing to work on responses. We will work to get these to you in the next 7 to 8 days." Thereafter, on May 15, 2023, Defendant filed a "Statement re: Discovery Disagreement" in which it requested a Court conference to resolve the parties' discovery disputes. (Doc. 24). The Court scheduled a status conference and ordered Plaintiff to file a response to Defendant's report of the discovery disputes. (Doc. 25). Plaintiff timely filed his response. (Doc. 26).

　　　　On May 24, 2023, the Court convened via Zoom videoconference to address the parties' discovery disputes. Attorney Arturo T. Salinas appeared on behalf of Plaintiff and Attorney Theodore Peters appeared on behalf of Defendant. (Doc. 27). During the conference, the Court

identified several deficiencies in Mr. Salinas's discovery practices:

   * First, despite representing to the Court in the parties' joint scheduling report filed March 21, 2023, that Plaintiff would "serve his Rule 26(a)(1) disclosures prior to" the scheduling conference held March 28, 2023 (Doc. 15 at p. 6), Mr. Salinas confirmed that he still has not served Rule 26 disclosures.

   * Second, notwithstanding that Plaintiff's responses to Defendant's written discovery demands are overdue, Mr. Salinas confirmed he has not yet completed serving responses.

   * Third, notwithstanding that nonexpert discovery has been open for approximately two months (*see* Doc. 17), Mr. Salinas confirmed he has not yet served on Defendant any written discovery demands on behalf of Plaintiff.

When asked by the Court during the conference to explain these deficiencies, Mr. Salinas explained that he was "behind in discovery on all my matters" and that he had only one legal assistant for support.

District courts enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3).  Once entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R Civ. P. 16(d).  Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).  "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Id*. (quotation and citation omitted).

Given Mr. Salinas's admitted deficiencies in complying with his discovery obligations, the Court shall order Plaintiff to correct the deficiencies and undertake discovery in a manner consistent with completing discovery within the time requested by the parties and provided by the Court in the scheduling order.

Accordingly, IT IS HEREBY ORDERED:

1. On or before May 26, 2023, Plaintiff shall serve his initial disclosures required by Fed. R. Civ. P. 26(a)(1);

2. On or before June 2, 2023, the parties shall meet and confer and Plaintiff shall

serve his complete responses to Defendant's pending written discovery demands; and

    3.    On or before June 9, 2023, Plaintiff shall serve his written discovery demands.

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated: **May 24, 2023**

_____
UNITED STATES MAGISTRATE JUDGE